# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# (SOUTHERN DIVISION)

| | |
|---|---|
| EARL E. SHARPE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. TDC-17-3799 |
| | ) |
| PRINCE GEORGE'S COUNTY | ) |
| GOVERNMENT, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

Before the Court is Plaintiff's Motion for Immediate Order for Contempt and Sanctions Against John M. Hall, Esq. ("Plaintiff's Motion")(ECF No. 42). The Court has reviewed Plaintiff's Motion and related filings. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons set forth below, the Court GRANTS Plaintiff's Motion.

**I.      Factual Background**

Plaintiff's counsel served a subpoena upon Plaintiff's former worker's compensation counsel, John Hall, Esq., seeking the "complete files maintained" by Mr. Hall or his firm (the "Hall Firm"). The Hall firm communicated with Plaintiff's counsel indicating the need to conduct a search of files that were "closed." Thereafter, documents obtained from the Maryland Worker's Compensation website were produced electronically on February 13, 2019.

On one level, Plaintiff's subpoena sought copies of counsel's entire worker's compensation file. However, Plaintiff was and remains extremely interested in the scope of communications between the Hall Firm and the Prince George's County Government and/or its agents ("the County"). Plaintiff was also seeking at least one item in particular. Plaintiff wanted the Hall Firm's copy of a January 13, 2014 form letter on firm letterhead which was reverse-

addressed to a Hall firm paralegal named LaTrell Yeager (the "Yeager Letter"). Plaintiff obtained a copy of the Yeager Letter from another source.

Upon receiving the initial production, Plaintiff's counsel quickly discerned that the Yeager Letter and other believed to exist correspondence with the County were not included in the production and demanded a more fulsome production within two days. No additional documents were provided. Plaintiff's counsel eventually indicated that "none of the correspondence or documents pertaining to communications with Department ranked officers or other Department personnel sought in the subpoena have been produced." See Plaintiff's Request for Pre-Motion Conference, p. 2. ECF No. 35.

II. Analysis

a. The Production Required.

Whether a request for documents is made upon a party or a non-party, the standard governing production is the same. A responding entity is in general required to produce responsive documents in its "custody, possession or control," bounded by considerations of proportionality. Fed. R. Civ. P. 26(b), 34(a)(1), and 45(a)(1)(A)(iii). Given the nature of business communications, Plaintiff is reasonable in expecting a robust collection of documents and correspondence to exist between the Hall Firm and the County. Moreover, since Plaintiff is already in possession of the critical Yeager Letter, he is seeking its production from the files of the Hall Firm as well as more context regarding its creation and delivery.

Surprisingly, the Yeager Letter has yet to be produced by Mr. Hall or his firm. While this may fly in the face of legitimate expectations, these expectations should be tempered by two considerations. First, Counsel's files regarding Plaintiff's worker's compensation claims have been "closed" for seven years. Verified Opp'n to Pl.'s Mot. For Attorney's Fees, at 2. ECF No. 63. The Hall Firm is under no obligation to retain files for such a duration. Id. Second, there is

no indication that the Hall firm has possessed a copy of the Yeager Letter or other requested correspondence since the time of the service of the subpoena or at any time since. Neither the initial search in February 2019, nor the deeper dive at the firm's offsite storage facility, has uncovered a copy of the Yeager Letter or "any emails or correspondence." See Mr. Hall's Response to Show Cause Order, p. 2. ECF No. 43. Simply put, there is no indication that the Yeager Letter or other forms of communication has been in the "custody, possession or control" of Mr. Hall since February 2019. Accordingly, the rear mirror view of this discovery dispute is not helpful to Plaintiff's cause. Plaintiff is not entitled to obtain from Mr. Hall what he does not possess.

### b. The Question of Contempt.

The next question is whether Plaintiff suffered prejudice by going through unreasonable efforts to obtain a complete response to the subpoena. The Court concludes he did.

Upon receipt of the subpoena, Mr. Hall was obligated to conduct a reasonable search for responsive documents. While there is some question about how quickly efforts were made regarding the initial search, it is clear that no search of the offsite storage facility was conducted until after the Court issued its Show Cause Order of March 20, 2019. Failure to comply with the subpoena required Plaintiff to pursue the assistance of the Court, for what turned out to be "no good reason." If Mr. Hall or his firm had satisfied the initial obligation and advised of the completeness of its search to include the offsite storage facility, Plaintiff may have chosen to be skeptical but could not suggest any meaningful prejudice. Here, Plaintiff had to pay an unnecessary price in time and effort.

On February 20, 2019, Plaintiff's counsel began the formal steps to enforce the subpoena. He wrote to the Court trying to schedule to pre-motion telephone conference and copied Mr. Hall

on the request. ECF No. 35. The Court then issued an Order scheduling the telephone conference. The conference was held on March 4, 2019 and Mr. Hall did not dial in. Counsel for both Plaintiff and Defendant indicated that they provided notice to Mr. Hall of the scheduled telephone conference. Chambers staff had done the same by telephone on March 1, 2019. Following the telephone conference, Chambers staff reached out again to Mr. Hall and was advised that the message regarding the conference call was given to Mr. Hall on March 1, 2019. Chambers staff advised that the Court was concerned about Mr. Hall's failure to participate on the call, and that Plaintiff had been given permission to file a Show Cause Motion.

The Show Cause Motion was filed on March 5, 2019 with a copy to Mr. Hall. Pl.'s Mot. For Immediate Compliance. ECF No. 38. Mr. Hall did not file a response to the motion.

The Court issued a Show Cause Order on March 20, 2019, which was docketed on March 22, 2019. ECF No. 39. The Show Cause Order required Mr. Hall to answer why he should not be held in contempt of court. Said answer was due April 5, 2019. Mr. Hall did not respond until April 24, 2019. Mr. Hall was ordered by the Court to produce the required documents by April 18, 2019. He did not do so until April 24, 2019. In the interim, Plaintiff had to file a motion to extend discovery based in part on the failure of Mr. Hall to comply with the Show Cause Order. See Pl.'s Mot. To Extend Discovery Completion and Other Related Deadlines, ¶¶ 7-8. ECF No. 41. No substantial justification has been offered for the untimely response or production. Effectively, Mr. Hall did not fully comply with the subpoena or the Show Cause Order until long after being served by the U.S. Marshal. Eventually a hearing was held requiring the appearance of all counsel and Mr. Hall. Said hearing was held on June 19, 2019.

In considering whether to hold Mr. Hall in contempt, the Court is required to consider four factors. Plaintiff has established by clear and convincing evidence that: 1) the subpoena and

4

Show Cause Order were valid and that Mr. Hall had actual or constructive knowledge of both; 2) that said subpoena and Order were issued in favor of Plaintiff; 3) that Mr. Hall violated the terms of the subpoena and Order and had knowledge of such; and, 4) that Plaintiff has suffered harm as a result. Commonwealth Constr. Co., Inc., v. Redding, Civ. No. 1:14-CV-3568-GLR, 2015 WL 877406, at *1 (D. Md. Feb. 27, 2015); Colonial Williamsburg Found. v. The Kittinger Co., 792 F. Supp. 1397, 1405-06 (E.D. Va. 1992). As stated by the Fourth Circuit Court of Appeals more than twenty years ago, "civil contempt is an appropriate sanction if we can point to an order of this Court which 'set[s] forth in specific detail an unequivocal command' which a party has violated." In re General Motors Corp., 61 F.3d 256, 258 (4th Cir. 1995). The Court deferred ruling on the present motion but now must state the obvious. The Court finds Mr. Hall in civil contempt in that he has failed "without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

### c. The Appropriate Sanction.

In the Court's discretion, compensation may be awarded for losses incurred. Sutton v. Fed. Debt Assistance Ass'n, LLC, Civ. Case No. 17-01220-JMC, 2018 WL 3751354 at *2, (D. Md. Aug. 7, 2018); In re General Motors, 61 F.3d at 259. On these facts, Plaintiff is entitled to an award of attorney's fees. However, the Court is not persuaded that Plaintiff is entitled to the amount of fees requested.

On May 3, 2019, Plaintiff renewed his request for attorney's fees. ECF No. 45. He generically requested $4,700.00 for fees, and $82.55 for costs. In his declaration of support, Plaintiff's counsel notes that he has been licensed to practice law since December of 1999. Decl. of Nathaniel D. Johnson Esq., ("Johnson Decl."), ECF No. 45-1, ¶ 3. Therefore, at the time of his submission he had 19 years of experience and he seeks payment at an hourly rate of $425.

Id. at ¶6.  This rate is within the approved guidelines under the Local Rules of this Court.  Rules and Guidelines for Determining Attorneys' Fees in Certain Cases (the "Guidelines").  Loc. R., App. B.3(d) (D. Md. Dec. 1, 2018).

Mr. Johnson seeks $1700.00 for his fees.  Johnson Decl., at ¶ 8.  He states that he spent four hours "in prosecuting" the Show Cause motion, which included a conference call, preparing the motion, and a response to Mr. Hall's opposition.  Johnson Decl., at ¶7.  While not set forth in greater detail, the Court finds this representation of labor reasonable given its familiarity with the case and case filings.

The Johnson Decl. also seeks an award for the services of counsel's paralegal, Joseph Ashworth.  It states that Mr. Ashworth has provided 20 hours of service "in preparation of documents" regarding the case filings described above.  Johnson Decl., at ¶¶ 10-14.  Mr. Ashworth is described as "very experienced" and Plaintiff seeks payment at a rate of $150.00 per hour for his services.  Such a rate is within the Guidelines. Loc. R., App. B.3(f).  No further description is provided.  Plaintiff seeks $3,000.00 for Mr. Ashworth's labors.  In summary, Plaintiff initially sought an award of $4,700.00 related to his efforts to obtain the requested discovery.

The hearing on the Show Cause Motion was scheduled for June 18, 2019.  By then, several things had changed.  On the preceding day, Joseph Gebhardt entered his appearance as additional counsel for Plaintiff.  On the day of the hearing, Plaintiff filed his Supplemental Declaration Nathaniel D. Johnson, Esq. in Support of Plaintiff's Memorandum in Opposition to Respondent John M. Hall's Response to Show Cause Order and Renewed Request for Attorney's Fees ("Johnson Suppl. Decl.") ECF No. 53.

In the Johnson Suppl. Decl., it is disclosed that Mr. Gebhardt has 48 years of legal experience, and Plaintiff seeks an award for his services at the rate of $475 per hour. Such an hourly rate is also within the Guidelines of the Local Rules. Loc. R., App. B.3(e). Counsel states that Mr. Gebhardt devoted five hours to "reviewing files," "preparing for and attending the hearing." Johnson Suppl. Decl., at ¶ 12. Plaintiff seeks $2,375.00 for Mr. Gebhardt's services.

Mr. Johnson also notes that he has personally devoted an addition hour to the cause since his original submission, while Mr. Ashworth has devoted an additional 3.5 hours in preparing for the hearing. Johnson Suppl. Decl., at ¶¶ 9-10. In all, Plaintiff now seeks $8,025.00 for services related to the present dispute.

It is not until Plaintiff submits his reply briefing that counsel provides a breakdown of services by timekeeper, date, activity, time and value of award requested. ECF No. 67-5. See CoStar Grp., Inc. v. LoopNet, Inc., 106 F. Supp. 2d 780, 788 (D. Md. 2000). In the absence of obtaining permission to file an additional briefing, Mr. Hall is deprived of an opportunity to oppose with specificity the time records provided by Plaintiff in his reply. Nonetheless, the Court has a few observations.

While the Court has expressed the view that Mr. Johnson's four hours expended leading up to the May 3, 2019 submission seems reasonable, the time record does not provide an exact match. It is not precisely four hours of labor. Nor should an award include the February 11, 2019 telephone calls as the need to seek judicial assistance had not been manifested by that date. Equally true, counsel should not be compensated for merely receiving documents as reflected in the time entries of March 20 and April 1, 2019. Given the deductions and discounts to be employed with other timekeepers, the Court will not be concerned with these somewhat minor discrepancies.

The entries for Mr. Gebhardt appear reasonable for the labors involved, but not appropriate for compensation here. Mr. Johnson knew the case file and lived through the particulars. The Court is not of the view that another lawyer should be awarded fees given the non-complicated nature of the case facts. See Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978) (It is "within the judicial discretion of the trial judge, who has close and intimate knowledge of the efforts expended and the value of the services rendered" to determine an appropriate fee award). Mr. Gebhardt did argue the motion on June 18, 2019, so the Court will not totally discard his involvement. Accordingly, an award for his services will be limited to that appearance.

The Court does not believe the preparation of the submissions here were extensive to justify the other time submissions. The Court is mindful of the factors to be considered in light of Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). As stated earlier, this matter was not complex, should not have been laborious or presenting difficult questions of law or fact. Between the work of Mr. Johnson and Mr. Ashworth no more than two hours should have been devoted to the tasks at hand. Therefore, the Court will award Mr. Johnson's for the initial four hours requested plus one hour for June 3, 2019; Mr. Gebhardt for 1.25 hours given his appearance at the June 18, 2019 hearing, and two hours for Mr. Ashworth's time in total. The total fees to be awarded for Mr. Johnson are $2,125.00; for Mr. Gebhardt $593.75; and for Mr. Ashworth $300.00. Including the costs of $82.55, the total award is $3,101.30.

### III. Conclusion

For the reasons stated above, the Court awards Plaintiff $3,101.30 in attorney's fees as a sanction for the conduct of Mr. Hall. A separate Order will accompany this Memorandum Opinion.

August 29, 2019

/s/
Charles B. Day
United States Magistrate Judge